**UNITED STATES of America,**
**Appellee,**

v.

**Guillermo A. ARANGO–VIDAL,**
**Defendant–Appellant.**

No. 04–2841.

United States Court of Appeals,
Second Circuit.

April 15, 2005.

Stephanie M. Carvlin, New York, NY, for Appellant.

Jonathan New, Assistant United States Attorney, Southern District of New York (David N. Kelly, United States Attorney; Preetinder Bharara, Adam B. Siegel, Assistant United States Attorneys), New York, NY, for Appellee, of counsel.

Present: FEINBERG, SACK, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court be, and it hereby is, AFFIRMED in part and REMANDED in part.

Appellant Arango–Vidal ("Arango") pled guilty to conspiring to distribute or possess with intent to distribute five kilograms and more of cocaine in March 2003. In May 2004, the district court sentenced him principally to 235 months' imprisonment pursuant to the United States Sentencing Guidelines. In calculating Arango's sentence, the district court enhanced the offense level by two points under section 3B1.1 for Arango's supervisory role.

Arango argues that the district court erred in concluding that Arango's conduct warranted a supervisory role enhancement. We noted in *United States v. Huerta* that "cases in this Circuit are not wholly

consistent in expressing how much deference is 'due' the district court's determination when reviewing the imposition of an aggravating role adjustment. Some apply a clear error standard; others review the adjustment *de novo*." 371 F.3d 88, 91 (2d Cir.2004) (quoting *United States v. Burgos*, 324 F.3d 88, 91 (2d Cir.2003)). "We need not resolve the apparent inconsistency in our precedents, however, because we would reach the same result irrespective of the standard applied." *Id.*

The district court determined that Arango had recruited his co-defendant Macias to the criminal activity and had supervised Macias, either of which supported the enhancement under section 3B1.1. We agree with the district court that by introducing Macias to the men in charge of the criminal activity so that Macias could join in the criminal enterprise, Arango recruited Macias within the meaning of section 3B1.1. Moreover, based on the evidence in the record, we conclude that Arango's activities with respect to Macias constitute supervision within the meaning of section 3B1.1. The district court correctly calculated Arango's sentence under the Guidelines.

Arango also raises a Sixth Amendment challenge to his sentence and requests that his case be remanded to the district court for consideration of resentencing in light of the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). The government does not contest that Arango's case should be remanded pursuant to *Crosby*. We therefore remand for the district court to consider whether to resentence Arango in light of *Booker* and *Crosby*.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part and REMANDED in part.